**Dan ALBRECHT, et al., Plaintiffs,**

v.

**Chester STRANCZEK, et al., Defendants.**

**No. 87 C 9535.**

United States District Court, N.D. Illinois, E.D.

April 15, 1991.

## DECISION

JOAN HUMPHREY LEFKOW, United States Magistrate Judge:

This is a Rule 11 petition in which the defendants Chester Stranczek and others claim that plaintiff's complaint, that had been dismissed before an answer was filed pursuant to Rule 41(a)(1), Fed.R.Civ.P., was not well-grounded in fact or law. They seek reasonable attorney's fees for having been required to defend the action.[1] A hearing was held before me and a decision, dated October 26, 1989, was rendered denying the motion in part and granting it with respect to Count II of the complaint. The decision rested on a finding that Count II was frivolous in that it asserted a claim under 42 U.S.C. § 1981 with respect to a particular parcel of property, but the evidence established that plaintiff Albrecht did not own the property or otherwise have an interest in the property that would have permitted him to assert the claim. The decision also found that the allegations of national origin discrimination were friv-

1. Defendants filed and briefed a motion to dismiss. Thereafter, plaintiffs voluntarily dis-    missed.

olous because plaintiffs did not have sufficient evidence to support such a claim at the time they pled them. An order of sanctions was entered against plaintiffs' counsel, Abraham N. Goldman and Robert S. Cooley, jointly and severally. Based on the submissions of the parties, I determined that the appropriate amount of sanctions was $5,221.37, attributable to Count II of the complaint.

Attorney Abraham Goldman objected to the award. Judge Alesia affirmed in part and remanded in part (1) for further consideration of who was responsible for the untruthful allegation with respect to ownership of the real estate parcel, indicating, "that if Albrecht unequivocally represented that he owned the property at issue in the complaint, his counsel should have been able to rely on Albrecht's word, unless counsel had reason to question the representation" (Order of July 26, 1990 at 3, 1990 WL 114610); (2) to assess the varying culpability of the various individuals involved; and (3) to reconsider the allocation of expenses between Count I and Count II. Judge Alesia also disagreed with my conclusion that the basis of the national origin discrimination claims were insufficient, stating that although the count probably would not have withstood a motion to dismiss, counsel need not have had in hand before filing enough proof to establish the case. *See* footnote 2 of July 26, 1990 order.

A hearing was held before me on January 11, 1991 to resolve these issues. Based on the evidence received and the arguments of counsel, the following findings of fact are entered:

■ Dan Albrecht affirmatively represented to Abraham Goldman and Robert Cooley that he owned parcel 5, the subject parcel. He never indicated to counsel that the property had been foreclosed upon or that he had a verbal agreement with the bank that he could find a buyer and repurchase the property for purposes of sale. The issue of ownership did not come to counsel's attention until after the federal complaint had been voluntarily dismissed.

Counsel had no reason to question Mr. Albrecht's representation.

Dan Albrecht claimed at the hearing, however, to have had a verbal agreement to the effect described. A sale to a third party, however, did later take place in which the bank was the seller.

*Conclusions of Law*

In light of these findings, it is concluded that counsel did not act unreasonably in relying on plaintiff's representation and no award of sanctions should be imposed against them.

■ It might be contended that Mr. Albrecht, having been the proximate cause of his attorneys' signatures on the ill-conceived complaint, should himself be liable. But Rule 11 does not by its terms contemplate sanctions unless a party or attorney has signed a pleading. So defendants do not appear to have a basis for their sanctions motion (not that it was frivolous in the first place but merely that it cannot be sustained).

Nevertheless, I am constrained to question the defendants' judgment in pursuing this motion and hope their counsel will take to heart the concern about increased burdens on the judiciary which Justice Stevens expressed in his partial dissent in *Cooter & Gell v. Hartmarx Corp.*, —— U.S. ——, ——, 110 S.Ct. 2447, 2462, 110 L.Ed.2d 359 (1990), which are wholly illustrated by this case. There the Court held that a plaintiff who had filed a frivolous complaint could not "purge" his Rule 11 violation by taking a voluntary dismissal. Justice Stevens expressed the dissenting view that Rule 11 sanctions should not be imposed in these circumstances, stating that "Rule 41(a)(1) satisfies the interest in preventing the abusive filing of repetitious, frivolous lawsuits." *Id.* 110 S.Ct. at 2463. He continued, "[B]y giving the plaintiff the absolute, unqualified right to dismiss his complaint without permission of the court or notice to his adversary, the framers of Rule 41(a)(1) intended to preserve the right to the plaintiff to reconsider his decision to file suit 'during the brief period before the defendant had made a significant commitment of time and money.'..." *Id.* Justice Stevens

believes that Rule 11 should only attach if a plaintiff persists in the prosecution of a meritless complaint or the defendant joins issue by moving for summary judgment. *Id.* He reasoned that since Rule 11 is designed to deter parties from abusing judicial resources,

> [t]he fact that the filing of a complaint imposes costs on a defendant should be of no concern to the rule makers if the complaint does not impose any costs on the judiciary: the Rules Enabling Act does not give us authority to create a generalized federal common law of malicious prosecution divorced from concerns with the efficient and just processing of cases in federal court. The only result of the Court's interpretation will be to increase the frequency of Rule 11 motions and decrease that of voluntary dismissals.

*Id.* 110 S.Ct. at 2464.

The Justice wrote that he had no disagreement with sanctioning a party who files a frivolous response to a motion to dismiss because it would be an abuse of judicial resources. *Id.*

> But, when a plaintiff has voluntarily dismissed a complaint pursuant to Rule 41(a)(1), a collateral proceeding to examine whether the complaint is well grounded will stretch out the matter long beyond the time in which either the plaintiff or the defendant would otherwise want to litigate the merits of the claim. An interpretation that can only have the unfortunate consequences of encouraging the filing of sanction motions and discouraging voluntary dismissals cannot be a sensible interpretation of Rules that are designed "to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.

*Id.* Would that his wisdom had been heeded here.

Thus, three years after the plaintiffs voluntarily dismissed their complaint and after two-and-one-half years of Rule 11 litigation, approximately 50 entries pertaining to the Rule 11 motion on the court's docket and much travail on the part of all concerned, the motion for Rule 11 sanctions is denied.